NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3131

SISSAY G. HABTEMARIAM,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Sissay G. Habtemariam, of Addis Ababa, Ethiopia, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3131


SISSAY G. HABTEMARIAM,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  November 16, 2007
_____


Before NEWMAN, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.


Sissay G. Habtemariam petitions for review of the decision of the Merit Systems Protection Board, Docket No. DC0831040224-I-1, affirming the decision of the Office of Personnel Management denying him a deferred annuity.  We affirm the decision of the Board.

BACKGROUND

With the exception of one year from 1975 to 1976, Mr. Habtemariam worked for the United States government from 1962 to 1980, employed by the Peace Corps and the

Agency for International Development. In 1980 Mr. Habtemariam left this employment due to a reduction in force, and requested a refund of his retirement contributions. In November, 2002, Mr. Habtemariam applied for a deferred retirement annuity. OPM denied the application, stating that he was ineligible for an annuity because he had withdrawn all of his retirement contributions in 1980.

Mr. Habtemariam appealed to the Board. After unsuccessful attempts to hold a telephonic hearing with Mr. Habtemariam, who was living in Ethiopia, the Administrative Judge proceeded without a hearing, but afforded the parties the opportunity to make a written submission. In an Initial Decision of April 1, 2004, the AJ affirmed OPM's determination. The full Board split over whether the AJ had committed reversible error in proceeding without a hearing; the split sustained the AJ's decision, which became the final decision of the Board. On appeal, the Federal Circuit vacated the decision, stating that the Board abused its discretion in failing to hold a hearing. On remand the AJ held a hearing, in which the petitioner participated and testified. The AJ again affirmed the OPM decision, and the Full Board declined further review. This appeal followed.

DISCUSSION

Before the Board, Mr. Habtemariam agreed that he had applied for a refund of his retirement contributions, but stated that OPM never sent him the money. OPM produced records showing that in 1980 he filed a refund application and that OPM had authorized payment in the amount of $2,912.85, but OPM could not produce evidence of actual payment, stating that the Treasury does not keep copies of cancelled checks for more than seventy-eight months. OPM had no record of any communication from Mr. Habtemariam stating that he had not received the requested payment.

Mr. Habtemariam testified that he applied for the refund through the United States embassy in Addis Ababa, and checked periodically for a year to see if the money had arrived. He stated that an (unnamed) embassy official eventually told him to stop coming to the embassy, and that the embassy would notify him when the check arrived. He said that an embassy official told him that if the refund was not made, he would receive the deferred annuity when he reached retirement age. Mr. Habtemariam stated that he then ceased his inquiries at the embassy.

The AJ found that it was more likely that the Agency had indeed issued the check and that Mr. Habtemariam had received it. The AJ reasoned that it was unlikely that a former employee would let such an important matter as payment of almost $3,000 go unreported, or that he would abandon his request under the circumstances he described. The AJ remarked on the lack of any evidence supporting Mr. Habtemariam's version of the events.

We conclude that the AJ's findings must be sustained. OPM established by documentary evidence that the refund amount was calculated and the payment authorized, and Mr. Habtemariam's testimony is unsupported. Although Mr. Habtemariam argues that the AJ's decision was based on the assumption that the check was indeed issued by OPM, his silence in notifying OPM that he had not received the requested payment, to which he was entitled, weighs against his position. The decision of the Board must be affirmed.

No costs.